CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 7:11CR00002-01 |
| | (Civil Action No. 7:16CV81193) |
| v. | |
| | **MEMORANDUM OPINION** |
| CRYSTAL ANNE FROST, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Crystal Anne Frost, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[1] The government has filed a motion to dismiss, and the time allotted for Frost to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Frost's motion to vacate will be denied.

## Background

Frost was indicted by a federal grand jury on January 20, 2011. Count Two of the indictment charged Frost with distribution of heroin resulting in death or serious bodily injury, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. That offense carries a mandatory minimum term of imprisonment of "not less than twenty years." 21 U.S.C. § 841(b)(1)(C). On September 27, 2011, Frost entered a plea of guilty to Count Two, pursuant to a written plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties "agreed that a sentence of 240 months of incarceration should be imposed" in Frost's case. Plea Agreement at 3, Docket No. 49.

---

[1] Frost was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

Prior to sentencing, the probation officer prepared a presentence report. Frost was assigned a base offense level of 38 under § 2D1.1(a)(2) of the United States Sentencing Guidelines, which applies when a defendant is convicted under § 841(b)(1)(C) "and the offense of conviction establishes that death or serious bodily injury resulted from the use of the [controlled] substance." U.S.S.G. § 2D1.1(a)(2). Frost was also designated as a career offender under § 4B1.1 of the Sentencing Guidelines. However, because her base offense level under § 4B1.1 was less than the level determined under § 2D1.1(a)(2), the probation officer applied the higher base offense level of 38. See U.S.S.G. § 4B1.1(b). Frost then received a three-point reduction for acceptance of responsibility, which resulted in a total offense level of 35. The probation officer then assigned Frost a criminal history category of VI, based on the career offender designation. Id. The total offense level, combined with the criminal history category of VI, resulted in an advisory guideline range of imprisonment of 292 to 365 months.

Frost appeared for sentencing on December 20, 2011. At that time, the court adopted the presentence report and accepted the plea agreement. In accordance with the parties' agreement under Rule 11(c)(1)(C), the court sentenced Frost to a term of imprisonment of 240 months, the mandatory minimum sentence required by statute. The criminal judgment was entered on December 21, 2011. Frost did not appeal her conviction or sentence.

On September 26, 2016, Frost moved to vacate her conviction and sentence under 28 U.S.C. § 2255, based, in part, on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Frost and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any

2

additional pleadings and moved to withdraw from further representation. The court granted that motion on October 5, 2016, and directed the government to respond to the pending § 2255 motion.

On November 1, 2016, the government moved to dismiss Frost's § 2255 motion as untimely. The court notified Frost of the government's motion, as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and gave her 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## Discussion

A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>

In this case, Frost's § 2255 motion is clearly untimely under § 2255(f)(1). As indicated above, the criminal judgment was entered on December 21, 2011. Her conviction became final fourteen days later, on January 4, 2012, when her opportunity to note an appeal expired. <u>See</u> Fed. R. App. P. 4(b)(1)(A); <u>see also</u> <u>United States v. Diallo</u>, 581 F. App'x 226, 227 (4th Cir.

3

2014). Under § 2255(f)(1), Frost had one year from that date to file a timely § 2255 motion. Because she did not execute the instant § 2255 motion until September 21, 2016, the motion is untimely under § 2255(f)(1).

The alternative accrual dates set forth in subsections (2) and (4) of § 2255(f) do not apply to Frost's motion. Frost makes no suggestion that government interference caused her delay in seeking relief under § 2255. Nor does she raise new facts discovered after her sentencing hearing. Instead, Frost appears to argue that her motion is timely under § 2255(f)(3). For the following reasons, however, the court concludes that this argument is without merit.

As indicated above, subsection (3) of § 2255(f) provides that the one-year period of limitation begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In moving to vacate her conviction and sentence, Frost relies on two decisions by the United States Supreme Court.[2] The first – Rosemond v. United States, 134 S. Ct. 1240 (2014)[3] – was decided more than two years before Frost's motion was filed. Moreover, "the Supreme Court gave no indication

---

[2] Frost also relies on the United States Court of Appeals for the Seventh Circuit's decision in Weldon v. United States, 840 F.3d 865, 866-67 (7th Cir. 2016), in which the Court held that defense counsel provided constitutionally deficient assistance by insisting that the defendant had no valid defense to a charge of distribution resulting in death. However, § 2255(f)(3) is clear that, to permit a collateral challenge, the "right" must be "initially recognized by the Supreme Court," not by a circuit court. 28 U.S.C. § 2255(f)(3) (emphasis added). Because § 2255(f)(3) explicitly requires the right to be initially recognized by the Supreme Court, the Seventh Circuit's decision in Weldon is not relevant to the court's inquiry under § 2255(f)(3). Nor does it trigger the application of § 2255(f)(4). See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (holding that a subsequent interpretation of the law is not a new "fact" for purposes of § 2255(f)(4), and "can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)") (citation and internal quotation marks omitted).

[3] In Rosemond, the Supreme Court considered what the Government must show when it accuses a defendant of aiding or abetting a violation of 18 U.S.C. § 924(c). Rosemond, 134 S. Ct. at 1243.

4

that its decision applied retroactively to cases on collateral review." Watson v. Mosley, 644 F. App'x 348, 348-49 (5th Cir. 2016); see also Barnes v. United States, No. 5:09-CR-00158-F, 2016 U.S. Dist. LEXIS 79900, at *11 (E.D.N.C. June 20, 2016) ("This court and others have determined that Rosemond does not apply retroactively to cases on collateral review.") (collecting cases). Accordingly, Frost cannot rely on Rosemond to establish the timeliness of her § 2255 motion.

Frost's reliance on Johnson v. United States, 135 S. Ct. 2551 (2015) is also unavailing. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. Unlike the defendant in Johnson, Frost was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was her sentence based on an enhancement derived from the residual clause of § 4B1.2 of the Sentencing Guidelines. Although Frost was designated as a career offender, that designation ultimately had no impact on the sentence she received. Instead, pursuant to Frost's agreement with the government under Rule 11(c)(1)(C), the court imposed the mandatory minimum term of imprisonment established by Congress for her offense, which was well below the advisory guideline range. Accordingly, even if the Supreme Court were to decide that the reasoning in Johnson applies retroactively to sentences enhanced under the residual clause of the career offender provision, Frost would not be entitled to any relief.[4] Therefore, Frost has no valid Johnson claim and her motion does not meet the requirements of § 2255(f)(3).

---

[4] On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in the career offender portion of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Frost received the lowest possible sentence allowed by statute, it is unnecessary to await the Supreme Court's decision in Beckles.

5

Finally, Frost's motion does not present any ground on which she is entitled to equitable tolling. Under existing precedent, "equitable tolling is appropriate in those 'rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Upon review of the record, the court concludes that no such "extraordinary circumstance[s]" exist in the instant case. Id.

## Conclusion

For the reasons stated, the court concludes that Frost's § 2255 motion is untimely. Accordingly, the court will grant the government's motion to dismiss and deny Frost's motion. Additionally, because Frost has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 3rd day of March, 2017.

_____
Chief United States District Judge

6