# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:11-cr-00002 |
| v. ) | |
| ) | |
| CRYSTAL ANNE FROST, ) | By:   Michael F. Urbanski |
| Defendant-Petitioner. ) | Chief United States District Judge |

## ORDER

This matter comes before the court on Crystal Anne Frost's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 102. The Federal Public Defender declined to supplement Frost's pro se request. Notice, ECF No. 105. The government opposes it. Mem. in Opp'n, ECF No. 108. Because Frost's motion is founded on her susceptibility to severe illness from COVID-19 and she has received a COVID-19 vaccine, the court will **DENY** her motion.

## I.

On September 27, 2011, Frost pleaded guilty to one count of distribution of heroin resulting in death or serious bodily injury in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Plea Agreement, ECF No. 49. On December 21, 2011, Frost was sentenced to 240 months of incarceration. J., ECF No. 62. Frost is currently housed at FCI Hazleton and has a projected release date of April 6, 2030.[1]

Frost seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Frost asserts that she is particularly susceptible to severe illness from the

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited June 14, 2021) (search "Crystal Anne Frost").

COVID-19 pandemic because she suffers from obesity, a thyroid disorder, and a breathing issue that requires her to use an inhaler. Mot., ECF No. 102, at 1. The government opposes any sentence reduction for Frost, arguing that since Frost is fully vaccinated against COVID-19, her COVID-19 risk is not an "extraordinary and compelling" circumstance justifying compassionate release. Mem. in Opp'n, ECF No. 108, at 1. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Frost's requested relief requires the court to consider (1) whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; (2) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a)

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

factors; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The parties do not contest that Frost has exhausted her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Frost has satisfied the statute's exhaustion requirements.

The court must first consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

During the COVID-19 pandemic, this court has found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility. According to the Centers for Disease Control and Prevention, studies show that the "COVID-19 vaccines are effective at keeping you from getting COVID-19" and "[g]etting a COVID-19 vaccine will also help keep you from getting seriously ill even if you do get COVID-19."[3]

Frost received her first dose of the Pfizer COVID-19 vaccine on March 10, 2021, and

---

[3] Ctrs. for Disease Control and Prevention, Key Things to Know About COVID-19 Vaccines, (updated June 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html.

she received her second dose on March 31, 2021. Medical Records, ECF No. 108-1. Because Frost is now fully vaccinated, she no longer has a particularized susceptibility to severe illness from COVID-19.[4] Accordingly, Frost has not demonstrated that there are "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A) and the court must deny her motion.[5]

### III.

For the reasons stated herein, the court will **DENY** Frost's motion for compassionate release, ECF No. 102. The clerk is directed to send a copy of this order to the petitioner, her counsel of record, and the United States.

It is so **ORDERED.**

Entered: June 16, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.06.16 17:37:22 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[4] See, e.g., United States v. Williams, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) (denying compassionate release motion from partially vaccinated inmate); United States v. Wakefield, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *2 (W.D.N.C. Feb. 18, 2021) (same); United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (same).

[5] Because the court finds that Frost has not presented extraordinary and compelling reasons to warrant areduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.